UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DENNIS W. BALL, an individual,

        Plaintiff,

    v.

MIKE JOHANNS, et al,

        Defendants.
_____/

NO. CIV. S-07-1190 LKK/DAD

O R D E R

    The plaintiff has brought suit under the Administrative Procedures Act, 5 U.S.C. § 706, for review of a determination by the National Appeals Division of the United States Department of Agriculture. The plaintiff seeks a reversal of the determination that he owes defendant Farm Service Agency of the United States Department of Agriculture a sum of money resultant from a loan guarantee.

    The defendant moves to dismiss for failure to state a claim. For the reasons described herein, the court denies the motion.

////

////

1

# I. ALLEGATIONS[1]

The plaintiff is a managing general partner of Indian Springs Vineyards. On May 21, 2003, he received a loan from Mid Valley Bank, now PremierWest Bank ("Premier"), for the operation of Indian Springs. Premier sought a loan guarantee from the Farm Service Agency ("FSA") of the Department of Agriculture. The plaintiff signed the application for the guarantee, which included his acknowledgment that "any amounts paid by FSA on account of the liabilities of the guaranteed loan borrower will constitute a Federal debt owing to the FSA by the guaranteed loan borrower." On June 16, 2003, FSA issued a loan guarantee to Premier for up to ninety percent of the loan made to the plaintiff.

The plaintiff subsequently defaulted on his loan to Premier. On June 15, 2004, Indian Springs filed for bankruptcy and Chapter 11 reorganization. On February 15, 2005, Premier entered into a settlement agreement with Indian Springs and the plaintiff. The agreement stipulated that a payment of $2,175,000 be made to Premier and that the properties owned by Indian Springs be transferred to a third-party purchaser. Premier accepted this as "full satisfaction of [the plaintiff's] indebtedness," agreed to "release all claims including liens against" the plaintiff, and agreed to "waive[], release[], acquit[], remise[], and forever discharge[] . . . [the plaintiff] . . . from any and all suits, legal proceedings, causes of action, attorneys fees, expenses,

---

[1] The allegations are derived from the plaintiff's complaint and the exhibits attached thereto.

2

interests, losses, penalties, damages, punitive damages, special damages and/or liabilities of all types." The plaintiff agreed to release Premier and FSA from the same. On March 10, 2005, the Bankruptcy Court approved the settlement agreement.

On April 26, 2005, escrow closed and the agreed-upon payment was made to Premier. On May 18, 2005, Premier submitted a loss claim to FSA, for losses sustained by Premier's loan to the plaintiff.[2] In response, on August 26, 2005, FSA issued a check in the amount of $411,452.51 to Premier. FSA then informed the plaintiff, on September 23, 2005, that he had incurred a federal debt in that amount, plus interest.

On November 3, 2005, the plaintiff appealed, to the National Appeals Division of the United States Department of Agriculture, FSA's determination that he had incurred this debt.[3] On January 17, 2006, the Appeals Division issued a determination upholding FSA's decision that the plaintiff had incurred the federal debt. After a review of this decision, on August 28, 2006, the Appeals Division again affirmed the FSA's determination. The plaintiff requested Appeals Division director review of that decision, and on November 21, 2006, the decision was affirmed. This affirmance, the plaintiff alleges, constituted final agency action on the matter.

---

[2] Arguably, this conduct was in violation of the settlement, thus providing plaintiff with a cause of action versus the bank. Even if such a cause of action exists, it would not appear to undermine the instant suit.

[3] As of the date of this order, the administrative record has not yet been filed with this court.

1  The plaintiff has brought suit under the Administrative
2 Procedures Act, 5 U.S.C. § 706, alleging that the Department of
3 Agriculture's action was arbitrary, capricious, an abuse of
4 discretion, and not based on substantial evidence. The plaintiff
5 seeks a declaratory judgment that no federal debt exits and seeks
6 injunctive relief barring collection of the debt.

## II. STANDARD FOR DISMISSAL PURSUANT TO
## FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6)

9  On a motion to dismiss, the allegations of the complaint must
10 be accepted as true. See Cruz v. Beto, 405 U.S. 319, 322 (1972).
11 The court is bound to give the plaintiff the benefit of every
12 reasonable inference to be drawn from the "well-pleaded"
13 allegations of the complaint. See Retail Clerks Intern. Ass'n,
14 Local 1625, AFL-CIO v. Schermerhorn, 373 U.S. 746, 753 n.6 (1963).
15 Thus, the plaintiff need not necessarily plead a particular fact
16 if that fact is a reasonable inference from facts properly alleged.
17 See id.; see also Wheeldin v. Wheeler, 373 U.S. 647, 648 (1963)
18 (inferring fact from allegations of complaint).

19  In general, the complaint is construed favorably to the
20 pleader. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). The
21 court may not dismiss the complaint if there is a reasonably
22 founded hope that the plaintiff may show a set of facts consistent
23 with the allegations. Bell Atlantic Corp. v. Twombly, 127 S.Ct.
24 1955, 1967-69 (2007). In spite of the deference the court is bound
25 to pay to the plaintiff's allegations, however, it is not proper
26 for the court to assume that "the [plaintiff] can prove facts which

1  [he or she] has not alleged, or that the defendants have violated
2  the . . . laws in ways that have not been alleged." <u>Associated
3  General Contractors of California, Inc. v. California State Council
4  of Carpenters</u>, 459 U.S. 519, 526 (1983).

### III. ANALYSIS

In his complaint, the plaintiff has alleged that the defendant acted in violation of the Administrative Procedures Act when it determined that he had incurred a federal debt. The defendant moves to dismiss the plaintiff's causes of action on the grounds that the defendant's determination was not barred by the settlement agreement between the plaintiff, Indian Springs, and Premier. As explained below, the defendant's motion must be denied.

**A.   Stating a Claim Under the Administrative Procedures Act**

In order to state a claim under 5 U.S.C. section 706, the plaintiff must allege that the agency's decision was flawed in the manner prohibited under the statute and he must also allege the facts that support such a conclusion. <u>See</u> <u>Ness Inv. Corp. v. United States Dep't of Agric., Forest Service</u>, 512 F.2d 706, 717 (9th Cir. 1975); <u>Bell Atlantic</u>, 127 S. Ct. at 1967-69. Here, the plaintiff has met this requirement for his two claims that allege violations of section 706. He has alleged that the defendant's final agency action was "arbitrary, capricious, an abuse of discretion or not otherwise in accordance with the law, and unwarranted by the facts" and that it was "not based on substantial evidence." He has pled the factual allegations that form the basis of this claim, including incorporating by reference the specific facts that

5

support his allegation that the defendant acted in violation of section 706 by concluding that the plaintiff had incurred an enforceable federal debt.[4] Therefore, on its face, the plaintiff has sufficiently stated a claim upon which relief may be granted.

**B.   Effect of the Settlement Agreement on Plaintiff's Claims**

The defendant moves to dismiss the complaint on the grounds that, as a matter of law, the defendant's action was not prohibited under the settlement agreement between the plaintiff and Premier. In its motion, the defendant argues that it was not a party to the settlement agreement between Premier, Indian Springs, and the plaintiff, and therefore did not release the plaintiff from any debts owed to it. The defendant also argues that the settlement agreement precluded that plaintiff from bringing any action against the FSA based on state law.[5] As a consequence, the defendant argues, the plaintiff cannot state a claim challenging the enforcement of the debt that FSA alleges the plaintiff owes it.

The defendant, however, appears to misapprehend the nature of the plaintiff's claims. Plaintiff does not allege that FSA was a party to the settlement agreement and that FSA itself released the plaintiff from debts he owed to it. Rather, the plaintiff alleges

---

[4] These facts are described in section I, *supra*.

[5] The plaintiff asserts that this argument is waived because it was not raised in the administrative proceedings. Because the administrative record has not been filed with the court, the court declines to rule on the issue of whether the defendant waived this argument. However, because the court concludes that the defendant's position is without merit, see *infra*, the question of waiver is moot.

6

that, on April 26, 2005, he ceased to owe a debt to Premier. Therefore, the plaintiff in his complaint asserts that the Department of Agriculture violated the Administrative Procedures Act in its determination that the plaintiff owed a federal debt, because, the plaintiff alleges, this debt had been previously been satisfied in accordance with the settlement agreement. This appears to be a cognizable legal basis for the plaintiff's APA claims.

California law applies to the terms of the plaintiff's settlement agreement. California law requires that contracts be interpreted to give effect of the intent of the parties. Cal. Civ. Code § 1636. The parties' intent should be ascertained by the language of the contract itself, when the language is "clear and explicit." Id. §§ 1638, 1639. All of the provisions of the contract should be read together to determine the intent of the parties. Id. § 1641. If possible, the interpretation should be one that renders the contract "lawful, operative, definite, [and] reasonable." Id. § 1643.

Here, the plaintiff alleges that by the settlement agreement Premier had accepted full satisfaction for his debt owed to Premier, and that the plaintiff had relinquished only those claims that existed at the time of the agreement. Both of these positions are supported by the language of the settlement agreement, and may govern the interpretation of the contract under California law.[6]

---

[6] Neither PremierWest Bank nor any other party to the settlement agreement, aside from the plaintiff, is a party to the present action. Therefore, the court refrains from interpreting the settlement agreement as a matter of law, but simply considers

7

See Cal. Civ. Code §§ 1638, 1639. First, in the settlement agreement, Premier agreed that the plaintiff's payment of $2,175,000 to Premier was full satisfaction for the plaintiff's debt to Premier. See Complaint Exh. A at 6 ¶ 3(a). Premier also agreed to release all claims including liens against the plaintiff. See Complaint Exh. A at 6 ¶ 3(b). From this the court may conclude, absent evidence to the contrary, that upon payment of $2,175,000 to Premier, the terms of the contract clearly and explicitly state that the plaintiff no longer had an outstanding debt with Premier. Such a reading accords with California rules of contract interpretation. See Cal. Civ. Code §§ 1638, 1639, 1643.

Second, it is not contrary to law to interpret the settlement agreement to provide that, by the terms of the agreement, the plaintiff only released those claims which did or may then have existed at the time of the execution of the settlement agreement. The agreement states that the plaintiff waived his rights under California Civil Code section 1542, and in so doing waived his rights both to claims he knew or believed to be true at the time of the settlement agreement, as well as those claims extant at the time of the agreement but of which the plaintiff was unaware. See Complaint Exh. A. at 9. This is encapsulated by the provision in the settlement that, "it is the intention of [the plaintiff] . . . to fully, finally and forever release all such matters and all

---

whether the plaintiff's proposed interpretation of the contract is consistent with California law, permitting him to proceed in his complaint against the defendant.

8

claims or defenses relative thereto *which do or may now exist*." See id. (italics added). Although it is possible that this section may be interpreted, as the defendant encourages, to provide that the plaintiff released all claims extant at the time of the execution of the agreement as well as all claims that would arise by subsequent conduct by Premier or FSA, such an interpretation is not mandated as a matter of law by the language of the agreement.

Moreover, the plaintiff's construction is supported by California law. California Civil Code section 1542, referenced in the settlement agreement, relates only to those claims that "exist . . . at the time of executing the release." Even if the agreement may be interpreted so as to state that the plaintiff released claims that would arise out of future conduct, to the extent that Premier acted fraudulently in submitting a loss claim to FSA, a waiver of a claim based on this type of future conduct may be contrary to public policy. See Cal. Civ. Code § 1668; Farnham v. Superior Court, 60 Cal. App. 4th 69, 74 (Cal. Ct. App. 1997); Baker Pacific Corp. v. Suttles, 220 Cal. App. 3d 1148, 1153-54 (Cal. Ct. App. 1990); Klein v. Asgrow Seed Co., 246 Cal. App. 2d 87, 100 (Cal. Ct. App. 1966). Additionally, if Premier breached the settlement agreement, the plaintiff's position is supported by California law which permits claims based on the breach of an agreement, notwithstanding a release provision in the agreement. See Dreyfuss v. Burton, 246 Cal. App. 2d 629, 639 (Cal. Ct. App. 1966)(characterizing as "frivolous" respondent's argument that petitioners' release of claims against respondent "should be

9

construed as a waiver" of petitioners' rights to legally respond to the "breach of the terms of the very agreements wherein these releases and mutual promises were given and made"). Finally, the plaintiff contends that he did not intend his release to include claims that would arise out of later fraudulent conduct by Premier. If the language of the settlement is ambiguous as to what claims the plaintiff intended to release, the court may consider extrinsic evidence of his intent. Cal. Code Civ. Proc. § 1856. As explained above, see note 5, *supra*, the court need not determine at this stage of the proceedings how the settlement agreement should be interpreted. The court is satisfied, however, that the interpretation the plaintiff posits is not barred by law, and therefore that his complaint should not be dismissed.

Consequently, the plaintiff has sufficiently alleged that the defendant's action in concluding that he owed a debt and in seeking to enforce it was unlawful under the Administrative Procedures Act. The defendant has not shown that the underlying conduct that the plaintiff alleged as the basis of his claim was *per se* non-violative of the Administrative Procedures Act because it was permitted by the settlement agreement, as interpreted by California law. Therefore, the defendant's motion is denied.

## IV. CONCLUSION

As set forth above, the defendant's motion is DENIED.

IT IS SO ORDERED.

DATED: October 23, 2007.

LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

10