UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DENNIS W. BALL, an individual,

        Plaintiff,

    v.

MIKE JOHANNS, et al,

        Defendants.

                                  NO. CIV. S-07-1190 LKK/DAD

O R D E R

      The plaintiff for the purposes of this motion is the United States of America, on behalf of its Department of Agriculture and Farm Service Agency ("FSA"). It has brought a cross-claim against Defendant PremierWest Bank ("Premier") alleging various equitable and legal claims to recover a Guarantee Loss Claim paid to Defendant.  This case was brought as a cross-claim to Ball v. Johanns, which was consolidated with Ball v. Premier West Bank. Pending before the court is Premier's motion to dismiss FSA's cross-claim.  The court resolves the motion on the parties' papers and after oral argument.  For the reasons explained below, the motion is granted in part and denied in part.

1

## I. Background and Allegations[1]

Plaintiff, FSA, is a federal agency that acts as a loan guarantor. It guarantees payment to secured lenders for a certain amount of the guaranteed loan. Defendant, Premier, is a banking corporation organized and existing under the laws of the state of Oregon and is authorized to conduct business in the state of California. The case-in-chief involves two consolidated claims of individual debtor, Ball. The first claim is for breach of contract and related claims against Premier for submitting the Loss Claim to FSA after entering into a Settlement Agreement that allegedly terminated all of Ball's debts. The second claim is against FSA under the Administrative Procedures Act for accepting and paying Premier's loss claim and subsequently declaring that Ball owed FSA a federal debt. These cases' allegations were described more fully in the court's October 23, 2007 order.

In its cross-claim, FSA alleges that Premier is liable for the amount paid on the loss claim if it was inappropriate for Premier to submit the claim. Specifically, FSA alleges that if Premier improperly submitted the loss claim, FSA had no duty to pay and is entitled to receive either restitution from Defendant or an award of damages. FSA's cross-claim alleges four causes of action: (1) unjust enrichment, (2) breach of contract, (3) money had and received, and (4) money paid by mistake of law or

---

[1] These allegations are taken from the Answer of the United States and Third Party Complaint filed on November 1, 2007.

fact.

## II. Standard for Dismissal Under Federal Rule of Civil Procedure 12(b)(6)

In order to survive a motion to dismiss for failure to state a claim, plaintiffs must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, -- U.S. --, 127 S. Ct. 1955, 1974 (2007). While a complaint need not plead "detailed factual allegations," the factual allegations it does include "must be enough to raise a right to relief above the speculative level." Id. at 1964-65.

As the Supreme Court observed, Federal Rule of Civil Procedure 8(a)(2) requires a "showing" that the plaintiff is entitled to relief, "rather than a blanket assertion" of entitlement to relief. Id. at 1965 n.3. Though such assertions may provide a defendant with the requisite "fair notice" of the nature of a plaintiff's claim, only factual allegations can clarify the "grounds" on which that claim rests. Id. "The pleading must contain something more. . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id. at 1965, quoting 5 C. Wright & A. Miller, Federal Practice and Procedure, § 1216, pp. 235-36 (3d ed. 2004).[2]

---

[2] The holding in Twombly explicitly abrogates the well established holding in Conley v. Gibson that, "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." 355 U.S. 41, 45-46 (1957); Twombly, 127 S. Ct. at 1968.

3

On a motion to dismiss, the allegations of the complaint must be accepted as true. See Cruz v. Beto, 405 U.S. 319, 322 (1972). The court is bound to give the plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint. See Retail Clerks Intern. Ass'n, Local 1625, AFL-CIO v. Schermerhorn, 373 U.S. 746, 753 n.6 (1963). In general, the complaint is construed favorably to the pleader. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by Harlow v. Fitzgerald, 457 U.S. 800 (1982). That said, the court does not accept as true unreasonable inferences or conclusory legal allegations cast in the form of factual allegations. W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

### III. Analysis

In its third party complaint, FSA alleges four causes of action: (1) unjust enrichment, (2) breach of contract, (3) money had and received, and (4) money paid by mistake of law or fact. For reasons stated in the following analysis, the motion to dismiss is denied as to the claims of unjust enrichment, breach of contract, and money had and received. The motion to dismiss is granted for the claim of money paid by mistake of law or fact.

**A.  Unjust Enrichment**

In order to prove unjust enrichment, a plaintiff must establish three elements: (1) a benefit conferred on the defendant by the plaintiff, (2) an appreciation or knowledge by

4

the defendant of the benefit, and (3) the acceptance or retention by the defendant of the benefit under such circumstances as to make it inequitable for the defendant to retain the benefit without payment of its value. <u>Van Gemert v. Boeing Co.</u>, 590 F.2d 433 (2d Cir. 1978), <u>aff'd</u>, 441 U.S. 942 (1980). The doctrine of unjust enrichment is recognized where there is no enforceable agreement between the parties on the subject matter at issue or where no adequate legal remedy exists. <u>McKesson HBOC, Inc. v. New York State Common Retirement Fund, Inc.</u>, 339 F.3d 1087, 1090 (9th Cir. 2003); <u>Beth Israel Medical Center v. Horizon Blue Cross and Blue Shield of New Jersey, Inc.</u>, 448 F.3d 573 (2d Cir. 2006). Here, FAS alleges that if Ball prevails in its case against FSA, then Premier has been unjustly enriched by FSA's payment to Premier on its Loss Claim.

**1.  Inconsistency with FSA's Prior Assertions**

Premier makes three arguments. First, Premier asserts that FSA previously determined in its administrative proceeding that it was proper for Premier to be paid for the Loss Claim.[3]

---

[3] To support this proposition, Defendant cites to the National Appeals Division's, Director Review Determination, <u>In the Matter of Ball and Farm Services Agency</u>, case no. 2006W000130, dated November 21, 2006 (hereafter "NAD Review") at 6. Defendant requests the court take judicial notice of it.
  A court may take judicial notice of a fact not subject to reasonable dispute pursuant to Fed. R. Evid. 201(b) and Fed. R. Evid. 201(d). Here, the National Appeals Division Review is capable of accurate and ready determination and its contents derive from a source whose accuracy cannot reasonably be questioned. Furthermore, Defendant has complied with Federal Rule of Evidence 201(d) by requesting judicial notice and supplying the court with a copy of the Review. Therefore, the court takes judicial notice

5

Premier argues that a court finding in favor of Ball against FSA would do nothing to change the basis of FSA's prior conclusion that payment of the Loss Claim to Premier was proper. The court is not persuaded by this argument.

If Ball prevails in his claims against Premier, the factfinder necessarily will have determined that Premier acted improperly in submitting the loss claim to FSA. This finding against Premier could affect the basis of FSA's conclusion in its administrative proceedings that its payment to Premier was proper. Since the determinative issues on which the cross-claim depends are inextricably linked to the consolidated case-in-chief and have yet to be resolved, it is premature to dismiss this argument for failure to state a claim.[4]  Consequently, it appears that there are potential facts supporting FSA's claim that Premier inequitably retained the benefit of payment of the Loss Claim.  See Twombly, 127 S. Ct. at 1968.

**2.   Effect of the Express Contract On FSA's Unjust Enrichment Claim**

---

of the National Appeals Division's, Director Review Determination, In the Matter of Ball and Farm Services Agency, case no. 2006W000130, dated November 21, 2006.  To note the decision and its contents, is, of course, different from noting its propriety.

[4] According to Federal Rule of Civil Procedure 13(g), cross claims need not be limited to definite or matured claims or causes of action.  In other words, cross claims may be brought on the basis of claims of a contingent nature where the ultimate outcomes of the claims depend on the determination of other features or issues in the case.  Therefore in this situation, the contingent nature of FSA's cross claims on resolution of the case-in-chief, does not bar the cross claim.

6

1    Second, Premier maintains that the Lender's Agreement
2 between it and FSA governs the issue of FSA's payment to Premier
3 in response to the filing of the Loss Report, and that FSA has
4 conceded this by pleading a breach of contract claim. Premier
5 argues, therefore, that the existence of the contract precludes
6 FSA's claim for unjust enrichment. See McKesson HBOC, Inc., 339
7 F.3d at 1090.
8    Here, FSA has pled that the Lender's Agreement was an
9 express contract between the parties.  However, pursuant to
10 Federal Rule of Civil Procedure 8(e)(2), the plaintiff may plead
11 alternative, inconsistent theories.  See, e.g., In re Wal-Mart
12 Wage and Hour Employment Practices Litigation, 490 F. Supp. 2d
13 1091, 1117 (D.Nev. 2007).  Furthermore, the liberal policy
14 reflected in Rule 8(e)(2) instructs courts not to construe a
15 pleading "as an admission against another alternative or
16 inconsistent pleading in the same case."  McCalden v. Cal.
17 Library Ass'n, 955 F.2d 1214, 1219 (9th Cir. 1990)(quoting
18 Molsbergen v. United States, 757 F.2d 1016, 1019 (9th Cir.
19 1985).  Thus, Plaintiff's claim for unjust enrichment should not
20 be barred despite the simultaneous claim for breach of contract.
21 To the extent the Plaintiff is ultimately able to prevail on a
22 legal breach of contract theory, the Plaintiff will be barred
23 from also recovering under an equitable claim for unjust
24 enrichment.  See E.H. Boly & Son, Inc. v. Schneider, 525 F.2d
25 20, 23 n.3 (9th Cir. 1975). However, if the factfinder
26 determines that the terms of the Lender's Agreement did not

govern the conduct in dispute in the cross-claim, then the unjust enrichment claim is proper. See <u>McKesson HBOC, Inc.</u>, 339 F.3d at 1090; <u>Van Gemert</u>, 590 F.2d 433

### 3. Unclean Hands

Third, Defendant argues that if the court finds in favor of Ball against FSA, this requires a determination that FSA did not act equitably and thus is not entitled to an equitable remedy against Premier. Defendant specifically maintains that "one seeking equity must do equity." <u>In re. Beaty</u>, 306 F.3d 914, 925 (9th Cir. 2002). Since unjust enrichment is an equitable doctrine, Defendant asserts that a finding for Ball against FSA precludes an equitable remedy for FSA against Premier.

FSA's duty to pay Premier does not revolve around the concept of equitable behavior by FSA. While the court in <u>Beaty</u> did state that debtors who have "unclean hands" may not invoke laches, the court further explained that debtors also fail to comply with their obligations innocently, inadvertently and in good faith. <u>Beaty</u>, 306 F.3d at 925-26. The <u>Beaty</u> court held that the debtor in that case did not have "unclean hands" because the debtor's actions were inadvertent. <u>Id.</u> at 926. The <u>Beaty</u> court did not clearly state the standard for finding "unclean hands" but implied that "unclean hands" might be avoided if there is inadvertent or innocent behavior in good faith.

Based on the pleadings in the cross-claim and the cases in chief, it appears that FSA's conduct as alleged by Ball in <u>Ball</u>

v. Johanns would not constitute "unclean hands," as there is no suggestion of FSA's willfull impropriety. As the court understands Ball's causes of actions, healleges that, at most, FSA's acts were negligent in its payment of the Loss Claim. This is not the type of conduct that would prevent FSA from subsequent recovery from Premier on equitable principles. See Beaty, 306 F.3d at 925-26.

Furthermore, since the court has yet to determine whether Premier properly submitted the Loss Claim to FSA and whether FSA acted properly in accepting and paying the loss claim, it is premature to dismiss FSA's claim for unjust enrichment against Premier. Premier's motion to dismiss FSA's first cause of action is therefore denied.

**B.  Breach of Contract**

FSA also alleges that if Premier was precluded by its Settlement Agreement with Ball from filing a Loss Claim with FSA, Premier breached the terms of its Lender's Agreement with FSA.  Premier argues that FSA had already determined in its administrative proceedings that if Premier breached its Lender's Agreement with FSA by failing to keep FSA informed of the settlement, the breach was not substantive.  Premier contends that FSA's opinion and subsequent performance constitutes a waiver of any alleged breach. Cutting v. Bryan, 30 F.2d 754, 756 (9th Cir. 1929).

Premier's argument that Plaintiff waived any alleged breach through agency proceedings and subsequent performance is not

persuasive.  In Cutting, 30 F.2d at 756, the court simply held that the "acceptance of acts of performance may operate as a waiver of strict or complete compliance." FSA's administrative decision does not constitute waiver as a matter of law, and Premier has presented no authority to indicate that it does. A factfinder reasonably could conclude that FSA's administrative decision was based on the assumption that Premier's Loss Claim was lawful, in that it properly stated that there was a balance on the loan to which Premier was entitled, but that it did not constitute a knowing waiver of FSA's rights under the Lender's Agreement. Consequently, there are facts sufficient to state a claim for breach of contract that is plausible on its face. Twombly, 127 S. Ct. at 1974.

**C.   Money Had and Received**

FSA's third cause of action seeks restitution from Premier if the court finds FSA had no duty to pay the Loss Claim to Premier.  In order to succeed on an action for money had and received, the plaintiff must show that what the defendant has received should in good conscience be returned to plaintiff. Independent Order of Foresters v. Donald, Lufkin & Jenrette, Inc., 157 F.3d 933 (2d Cir. 1998); Dickey v. Royal Banks of Missouri, 111 F.3d 580 (8th Cir. 1997). As Defendant properly states, a claim for "money had and received" is a legal claim, although it is subject to equitable principles. Myers v. Hurley Motor Co., 273 U.S. 18, 24-5 (1927).

////

### 1. Unclean Hands

Premier reasserts its "unclean hands" argument that a court finding in favor of Ball against FSA will necessarily lead to FSA's "unclean hands" and preclude the equitable remedy FSA seeks. The court rejects this argument for the reasons stated in section A.3, *supra*.

### 2. Judicial Deference to Agency Determinations

Second, Defendant argues that FSA's cause of action asks the court to review the correctness of FSA's own agency determination that payment to Premier was proper where the standard of review is deference to agency determinations. This implies that the court should affirm the FSA's decision that Ball owes a federal debt to the FSA. See Morgan v. United States, 304 U.S. 1, 18 (1938)(stating the deferential standard for judicial review of agency decisions); Love v. Thomas, Administrator, Environmental Protection Agency, 858 F.2d 1347, 1356 (9th Cir. 1988).

The court cannot accept Premier's characterization of FSA's cause of action. FSA is not asking for the court to review the correctness of its own Agency determinations. Instead, FSA's claim alleges that Premier acted unlawfully in submitting the Loss Claim to FSA, which caused FSA to erroneously pay the claim. FSA alleges in its opposition to Premier's motion and at oral argument that the administrative proceedings did not inquire into the factual validity of the loss Premier asserted in its Loss Claim, and that the FSA presumed that the claim was

made in good faith. As such, while the standard of judicial deference is relevant to the court's determination of issues in Ball's action against FSA, this standard is irrelevant to the determination of Premier's liability for submitting its Loss Claim to FSA. Premier's motion to dismiss must be denied as to this cause of action.

**D.     Money Paid by Mistake of Law or Fact**

Finally, FSA has brought a claim seeking restitution if the court finds that FSA was misled by Premier submitting its Loss Claim to FSA and FSA had no factual or legal duty to pay said claim.  Mistake of law arises when (1) there is a misapprehension of the law by all parties, and (2) there is a misapprehension of the law by one party of which the other party is aware at the time of contracting but which they do not rectify.  Cal. Civ. Code § 1578.  Mistake of fact, on the other hand, arises when (1) an unconscious ignorance or forgetfulness of a fact past or present that is material to the contract, and (2) belief in the present existence of a thing material to the contract which does not exist or in the past existence of such a thing which has not existed.  Cal. Civ. Code § 1577.  Furthermore, mistake in judgment alone is not a basis for avoiding a contract or transaction.  <u>MWS Wire Industries, Inc. v. California Fine Wire Co.</u>, 797 F.2d 799, 803 (9th Cir. 1986); <u>American Nat'l Ins. Co. v. Continental Parking Corp.</u>, 42 Cal. App. 3d 260, 267 (1974).  The doctrine of mistake of fact or law is utilized in the context of consent to a contract.  Cal Civ.

12

1  Code § 1567(5); Cal. Civ. Code § 3391(4).  Thus, a mistake of
2  law or fact satisfying the requirements of the law will form the
3  basis for an affirmative action for rescission.  Cal. Civ. Code
4  § 1689(b)(1).
5       First, Premier argues that the doctrine of mistake is an
6  affirmative defense and mistake must be mutual or made where the
7  other party knows of the mistake.  Here, FSA does not plead that
8  the Lender's Agreement should be rescinded.  Moreover, even if
9  FSA did plead this, it is doubtful that it could be pled as a
10 cause of action, since it is an affirmative defense if Premier
11 sought to enforce the contract against FSA.
12      Furthermore, Premier is correct in pointing out that FSA
13 does not point to any specific facts that FSA mistook at the
14 time of contract formation with Premier via the Lender's
15 Agreement.  In addition, FSA's cross-claim pleads no facts as to
16 what facts or law FSA misapprehended at the time of contracting.
17 On this basis, the claim must fail.  Twombly, 127 S. Ct. 1965.
18      To the extent the FSA intended to plead actual or
19 constructive fraud, it has not done so.  In order to prove a
20 claim of actual fraud, the plaintiff must demonstrate the
21 following elements:  (1) a false material assertion, (2)
22 knowledge of the falsity or a high degree if disregard for
23 whether the assertion was correct, (3) intention to induce the
24 plaintiff to act or refrain from action, (4) justifiable
25 reliance on the assertion, and (5) damage to the plaintiff.
26 Coffel v. Stryker Corp., 284 F.3d 625 (5th Cir. 2002); Southern

Union Co. v. Southwest Gas Corp., 180 F. Supp. 2d 1021 (D. Ariz. 2002)(applying California law).  The elements for constructive fraud are similar although knowledge of the falsity is not required.  In re Harmon, 250 F.3d 1240 (9th Cir. 2001)(applying California law). Neither these elements nor the facts comprising them have been pled in FSA's cross-claim.[5]

The court therefore grants the motion to dismiss this count, as FSA has not plead a cause of action on which relief may be granted.  See Twombly, S. Ct. at 1965 n.3.

## IV. Conclusion

For the reasons explained above, Defendant's motion to dismiss is GRANTED as to FSA's fourth cause of action and DENIED as to FSA's first, second, and third causes of action.  FSA is granted leave to amend.

IT IS SO ORDERED.

DATED: January 29, 2008.

LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

---

[5] Premier's additional arguments, alleging FSA acted with unclean hands and that the court should defer to agency determinations, were considered and rejected in section III.C, *supra.*

14